UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREG J. BERKOWITZ and MICHELLE BERKOWITZ<br><br>Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-00759-JAD<br><br>**Order Granting Motion to Dismiss with Leave to Amend (#7)** |

Defendant Bayview Loan Servicing, LLC moves to dismiss this Fair Debt Collection Practices Act (FDCPA) action, arguing that Plaintiffs Greg and Michelle Berkowitz have failed to state a claim under the FDCPA.[1]  The Berkowitzes allege that Bayview is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6)[2] and that Bayview is attempting collection from them.[3]  The Berkowitzes rely on §§ 1692(a), 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692k(a)(1)-(2)(A) of the FDCPA, coupled with their allegation that Bayview violated the their bankruptcy discharge injunction as provided for under 11 U.S.C. § 524(a)(2).  Finally, the Berkowitzes allege a state-law cause of action for invasion of privacy, over which they suggest this

---

[1] Doc. 7.

[2] *Id.* at 2. 15 U.S.C. § 1692a(6) defines 'debt collector' as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

[3] Doc. 1 at 3.

Court has supplemental jurisdiction.[4]

On September 29, 2011, the Berkowitzes filed a Chapter 7 bankruptcy petition.[5] On January 3, 2012, the bankruptcy court entered its discharge order.[6] On February 5, 2013, the Berkowitzes moved to reopen the Chapter 7 case to determine violations of the discharge injunction and based their argument on the very same FDCPA provisions they allege against defendants in this case.[7] As their factual basis, the Berkowitzes directed the bankruptcy court to three letters Bayview sent them seeking to recover a loan secured by a deed of trust on their home.[8] On May 9, 2013, the bankruptcy court reopened the case for hearing, found that none of the letters violated the discharge injunction, denied the Berkowitzes' request for sanctions, and instructed the Clerk of Court to close the case.[9] The bankruptcy court entered no findings of fact or conclusions of law on the FDCPA claims. That same day, the bankruptcy court also entered a final decree discharging the trustee and closing the case.[10] The Berkowitzes did not appeal the bankruptcy court's order, and there are no further matters pending before that court. Thus, the bankruptcy court's conclusion is final, and appeal is now time-barred.[11]

On May 28, 2013, Bayview moved to dismiss the instant action, arguing that plaintiffs have plead mere conclusory allegations and, to the extent the complaint alleges fraud, it fails to state that claim with the particularity required by FRCP 9(b).[12] On May 27, 2014, the Court ordered the

---

[4] Doc. 1 at 10.

[5] *In re Berkowitz*, 11-25333-LBR (Bankr. Nev.). The Court *sua sponte* takes judicial notice of the proceedings in 11-25333-LBR ("BK Doc.").

[6] BK Doc. 19.

[7] *Compare* BK Doc. 22, *with* Doc. 1.

[8] *See* BK Doc. 22 at 3 (citing letters dated December 27, 2012, December 31, 2012, and January 8, 2013).

[9] BK. Doc. 33 at 3.

[10] BK Doc. 34.

[11] *See* Fed. R. Bankr. P. 8002 (providing that notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the order being appealed).

[12] Doc. 7 at 3, 5.

2

Berkowitzes to show cause why this case should not be dismissed on the separate and additional ground that it is barred by the Bankruptcy Court's 2013 rulings in their Chapter 7 proceeding.[13] The Court agrees with defendant that plaintiffs' conclusory allegations fail to state a plausible claim for relief; additionally, the law precludes plaintiffs from basing their FDCPA claim on allegations that Bayview violated their discharge injunction. The Court dismisses plaintiffs' claims with leave to amend if they can state a sufficiently fact-based claim based on something other than the alleged violation of the discharge injunction.

**Discussion**

**A.    Motion to Dismiss Standards**

A trial court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[14] A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[15] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[16] "Factual allegations must be enough to rise above the speculative level."[17] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[18]

In *Aschcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the two-step approach for district courts to utilize in evaluating motions to dismiss. The court first must accept as true all well-pled factual allegations in the complaint; legal conclusions are not entitled to the assumption of truth.[19] Mere recitals of the elements of a cause of action, supported only by

---

[13] Doc. 25.

[14] Fed. R. Civ. P. 12(b)(6).

[15] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[16] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[17] *Id*.

[18] *Id.* at 570.

[19] *Id.* at 679.

3

conclusory statements, do not suffice.[20] The court must then consider whether the factual allegations in the complaint allege a plausible claim for relief.[21] A claim is facially plausible when it alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[22] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."[23] When the claims have not crossed the line from conceivable to plausible, a plaintiff's complaint must be dismissed.[24]

**B.    The Berkowitzes Have Failed to State a Claim Upon Which the Court May Grant Relief.**

The Bankruptcy Code provides its own remedy for violating the discharge injunction under 11 U.S.C. § 524: civil contempt under 11 U.S.C. § 105.[25] To permit a simultaneous claim under the FDCPA would allow a debtor to achieve through the back door what they could not accomplish through the front door—a private right of action. *Id*. "This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." *Id*.

In *Walls v. Wells Fargo Bank*, the Ninth Circuit Court of Appeals considered whether the debtor could assert an FDCPA claim based on a creditor's alleged violation of the discharge injunction under § 524 of the Bankruptcy Code. After the Chapter 7 debtor received a discharge in her bankruptcy case, she continued making mortgage payments to the creditor holding the mortgage on her house so that she could keep her house under the "ride-through doctrine."[26] The mortgage

---

[20] *Id*. at 678.

[21] *Id*. at 679.

[22] *Id*.

[23] *Id*. at 679 (internal quotation marks omitted).

[24] *Twombly*, 550 U.S. at 570.

[25] *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002).

[26] 276 F.3d at 505.

4

creditor foreclosed on the mortgage after the debtor defaulted on the payments.[27]  The debtor then filed an action in federal court alleging, among other things, that the creditor's collection of a discharged debt was an unfair and unconscionable means of collecting a debt under § 1692f of the FDCPA.[28]  The debtor argued that the FDCPA and the Bankruptcy Code should be read together to imply a private cause of action under the FDCPA for violating the discharge injunction under § 524.[29]  The court disagreed, reasoning, "[w]hile the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code."  *Id*.  Accordingly, the Ninth Circuit held that "[b]ecause Walls' remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code, her simultaneous FDCPA claim is precluded." *Id*. at 511.

The Berkowitzes urge the Court to disregard *Walls* in favor of the Seventh Circuit's holding in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), that the Bankruptcy Code does not preclude FDCPA claims of bankruptcy debtors against creditors for a negligent attempt to collect a debt from debtors during and after bankruptcy.  Doc. 26 at 3 (citing 368 F.3d at 732-33).  But this Court must follow controlling precedent in this circuit, and *Walls* controls.

The Berkowitzes' attempt to distinguish *Walls* also fails.  Relying on *Rios v. Bakalar & Associates*, *P.A.*, 795 F. Supp. 2d 1368, 1369 (S.D. Fla. 2011), they argue that the *Walls* court concluded only that:

> [W]hen a party attempts to collect a debt discharged in bankruptcy, that party has not violated § 1692f of the FDCPA by engaging in unfair and unconscionable collection practices. Ms. Rios alleges that Bakalar & Associates violated § 1692e by making false or misleading representations when it attempted to collect a discharged debt. The Ninth Circuit has never decided that issue.

Doc. 26 (quoting 795 F. Supp. 2d at 1369).  But the *Walls* Court broadly held that the FDCPA does not allow a private cause of action for violation of the Bankruptcy Code; not that such a claim cannot be pursued under § 1962f.

---

[27] *Id*.

[28] *Id*.

[29] *Id*.

5

The Berkowitzes may not allege a cause of action under the FDCPA based on allegations that Bayview violated the discharge injunction because the bankruptcy court has already concluded that Bayview has not done so.  As to the remaining causes of action alleged under the FDCPA and for invasion of privacy, the Court finds they are nothing more than conclusory recitals of the bare elements of these various causes of action.[30]   The complaint has "alleged—but not shown—that the [Berkowitzes are] entitled to relief."[31]  Accordingly, the Court dismisses the remaining allegations in the complaint with leave to amend.[32]  All of plaintiffs' claims are dismissed; the Berkowitzes have 20 days to file an amended complaint pleading facts sufficient to state a claim under the FDCPA and for invasion of privacy, if they can do so without relying on allegations that Bayview violated the discharge injunction.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Bayview's Motion to Dismiss Plaintiffs' Complaint with Prejudice **(Doc. 7) is GRANTED IN PART** and **DENIED IN PART** with leave to amend**.**  The Berkowitzes shall have 20 days to file an amended complaint that cures the deficiencies in this order.  If the Berkowitzes do not timely file an amended complaint, their claims will be deemed abandoned and this action will be dismissed with prejudice

Dated:  July 25, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[30] *Id*.

[31] *Id*. at 679 (internal quotation marks omitted).

[32] The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).